IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JESSE LAMAR PAUL, | : |
| Plaintiff, | : |
| v. | : No. 4:20-cv-00077-CDL-MSH |
| MELINDA LOCKLAR, *et al.*, | : |
| Defendants. | : |

### ORDER

Plaintiff Jesse Lamar Paul, a pretrial detainee in the Muscogee County Jail in Columbus, Georgia, filed a complaint under 42 U.S.C. § 1983 regarding his arrest and detention. Compl., ECF No. 1. Because it was unclear from this filing whether Plaintiff intended to file a civil rights complaint under 42 U.S.C. § 1983 or a 28 U.S.C. § 2241 habeas corpus petition, Plaintiff was ordered to recast his claims on either a 28 U.S.C. § 2241 habeas corpus form or a new 42 U.S.C. § 1983 complaint form. Order, ECF No. 5. Plaintiff was also ordered to complete and submit a new motion to proceed *in forma pauperis* supported by a trust fund account statement for the previous six months (or however long Plaintiff had been incarcerated if it was less than six months). Plaintiff was given twenty-one days to file his recast pleading and submit a new motion to proceed *in forma pauperis* and was cautioned that his failure to do so could result in the dismissal of this action.

Thereafter, Plaintiff did not file his recast pleading or submit a new motion to proceed *in forma pauperis* within the allotted time. Accordingly, Plaintiff was ordered to show cause why this case should not be dismissed based on his failure to comply with the previous order. Order to Show Cause, ECF No. 6. Plaintiff was given another twenty-

one days to respond and was cautioned that his failure to do so would result in the dismissal of this action. *Id.*

More than twenty-one days have now passed since that order was entered, and Plaintiff has not responded to the order to show cause. Moreover, mail sent to Plaintiff at the Muscogee County Jail, the only address on file for Plaintiff, has been returned to this Court as undeliverable. Mail Returned, ECF No. 7. Plaintiff's failure to keep the Court apprised of his current address constitutes a failure to prosecute this case, and insofar as this Court has no information about Plaintiff's current whereabouts, this case cannot proceed.

Thus, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, his complaint is now **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this _14th_ day of August, 2020.

      S/Clay D. Land
      CLAY D. LAND
      U.S. DISTRICT COURT JUDGE
      MIDDLE DISTRICT OF GEORGIA